The Honorable Jonathan S. Fitch State Senator Rural Route 1, Box 31 Hindsville, AR 72738-9701
Dear Senator Fitch:
This is in response to your request for an opinion concerning the Arkansas "home school" law (A.C.A. §§ 6-15-501 through -507 (Repl. 1993 and Supp. 1997)). You state that a school superintendent has informed you that there are parents who are home schooling their children through the Internet. You state further that one particular Internet tutoring program advises parents that they are a "private tutoring service" and that parents who use their services do not have to comply with the Arkansas home school law requirements.
You have asked the following questions in this regard:
 1. What prerequisites are required of parents who choose to home school their children through the Internet?
 2. Do parents that choose to educate their children at home through the Internet by a `private tutoring service' have to comply with the testing requirements per A.C.A. § 6-15-504?
RESPONSE
Question 1 — What prerequisites are required of parents who choose tohome school their children through the Internet?
It must be initially noted that the answer to this question may depend upon what is contemplated or meant precisely by the phrase "home school . . . through the Internet." You have provided no specific facts in this regard. It is my opinion as a general matter, however, that parents who choose to provide instruction for their children at home through the Internet must meet the prerequisites under the home school law; that is, they must give the written notice and sign the waiver required under A.C.A. § 6-15-503.[1]
The Arkansas compulsory attendance law requires that parents of children age five through seventeen on or before September 1 "shall enroll and send the child to a public, private, or parochial school, or provide a home school for the child, as described in § 6-15-501 et seq. . . ." A.C.A. § 6-18-201(a) (Supp. 1997). Thus, in order to be in compliance with the requirements for school attendance, the parents who utilize the Internet to provide instruction at home for their children must either be providing a "home school," or in the alternative they must have enrolled or sent the children to a private or parochial school. One of these alternatives will, I believe, be applicable. If they are providing a home school, the prerequisites under § 6-15-503, supra, will of course apply.
The term "home school" is defined in A.C.A. § 6-15-501 (Repl. 1993) as "a school primarily conducted by parents or legal guardians for their own children." There is no statutory definition of "private school." Looking to the ordinary meaning of this term, however, we see that "private school" is defined, generally, as a school "open only to pupils selected and admitted by the proprietors. . . ." Black's Law Dictionary 1207 (5th ed. 1979).
Given these alternative school attendance categories, therefore, bearing in mind the above definitions, I believe that instruction at home through the Internet would more than likely be deemed to fall within the "home school" law. Enrollment in courses taught over the Internet does not readily meet the general definition of "private school," which involves selecting and admitting students. The premise under the compulsory attendance law that parents "enroll and send their children to private school (§ 6-18-201(a), supra) also leads me to reject the proposition that the children are attending private school when their parents utilize Internet services for at-home instruction. See also generally Murphy v.State of Ark., 852 F.2d 1039, 1044 (8th Cir. 1988) (distinguishing between "the notion of an actual independent school away from home" and a "home school" in rejecting an equal protection challenge to the home schooling requirements).
It is therefore my opinion that parents must comply with the notice and waiver requirements under A.C.A. § 6-15-503 when they use the Internet to provide instruction for their own children at home.
Question 2 — Do parents that choose to educate their children athome through the Internet by a "private tutoring service" have tocomply with the testing requirements per A.C.A. § 6-15-504?
It is my opinion that the answer to this question is "yes," based upon the above discussion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] In accordance with § 6-15-503(a)(1) (Supp. 1997), "[p]arents or guardians desiring to provide a home school for their children must give written notice to the superintendent of their local school district of their intent to provide a home school for their child and sign a waiver authorizing the release of the State of Arkansas from any future liability for the education of their child. . . ."